PER CURIAM.
1, Denied. The state presented sufficient evidence to support relator’s conviction under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Moreover, relator was not denied judicial review based on omissions in the record on appeal. See e.g., State v. Hawkins, 96-0766, p. 8 (La.1/14/97), 688 So.2d 473, 480. Additionally, relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided In La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive 1 application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute, entry consistent with this per curiam.